

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# Evancho v. Fisher

Precedential or Non-Precedential: Precedential

Docket No. 03-2123

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Evancho v. Fisher" (2005). *2005 Decisions.* Paper 483.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/483

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2123
_____

KAREN E. EVANCHO,

Appellant

v.

D. MICHAEL FISHER, ATTORNEY GENERAL
FOR THE COMMONWEALTH OF
PENNSYLVANIA; OFFICE OF
ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from an Order of the United States District Court
for the Western District of Pennsylvania,
(Civil Action Number 02-cv-01799)
District Judge: Honorable William L. Standish

_____

Before: MICHEL, Chief Judge, OBERDORFER and
STAFFORD, Senior District Judges.[1]

(Submitted: September 12, 2005)

_____

[1] Honorable Paul R. Michel serves as Chief Judge of the U.S. Court of Appeals for the Federal Circuit; Honorable Louis F. Oberdorfer is a senior judge of the U.S. District Court for the District of Columbia; Honorable William H. Stafford is a senior judge of the U.S. District Court for the Northern District of Florida.

Gary M. Davis, Esquire
1700 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219

Counsel for Appellant

J. Bart DeLone, Esquire
Senior Deputy Attorney General
Office of Attorney General
Appellate Litigation Section
15th Floor Strawberry Square
Harrisburg, PA 17120

Counsel for Appellees

_____

OPINION OF THE COURT
_____

MICHEL, <u>Chief Judge</u>

Karen E. Evancho ("Evancho") appeals the United States District Court for the Western District of Pennsylvania's dismissal without prejudice of her amended complaint against D. Michael Fisher, Attorney General for the Commonwealth of Pennsylvania[2], in his individual capacity, for failure to state a civil rights claim under 42 U.S.C. § 1983 on which relief may be granted. <u>Evancho v. Fisher</u>, No. 02-1799 (W.D. Pa. Mar. 26, 2003). On July 18, 2005, the judges of this special panel were designated to hear and decide this appeal by Chief Justice William H. Rehnquist because all of the judges on the

------

[2] We take judicial notice of the fact that D. Michael Fisher no longer serves as Attorney General for the Commonwealth of Pennsylvania. His term of service was from January 21, 1997, to December 15, 2003, during the time when the events underlying this case occurred. Tom Corbett assumed the position of Attorney General on January 18, 2005. In this opinion, however, we designate D. Michael Fisher as "Attorney General Fisher."

Third Circuit are recused. On September 12, 2005, the appeal was submitted without oral argument because the facts and legal arguments were adequately presented in the briefs and record. See Fed. R. App. P. 34(a)(2)(C). Because Evancho failed to adequately plead under the liberal notice requirements of Rule 8(a) of Federal Rules of Civil Procedure that Attorney General Fisher was personally involved in her transfer to a lesser position in the Commonwealth of Pennsylvania Bureau of Narcotics Investigation and Drug Control ("Bureau"), the alleged violation of her civil rights, we affirm.

## I. Factual Background and Procedural History

Evancho was employed by the Bureau from 1984 until September 18, 2000. In 1993, she became a regional supervisor for the Greensburg Office of the Bureau and supervised approximately eighteen agents.

In 1997, the Regional Director of the Bureau assigned Evancho to serve as the custodian of the evidence room. Twice, Evancho requested that an inventory of the evidence room be taken, once when she learned that both evidence records had been altered and money was missing and again when she discovered additional money as well as drugs were missing. The Regional Director, however, denied both requests and eventually relieved her of her custodial responsibilities.

Over Memorial Day weekend in 1998, the evidence room was burglarized, triggering investigations both internally and by the Pennsylvania State Police. Evancho assisted in these investigations. Specifically, she disclosed her prior findings with respect to the evidence room and reported her management's failure to investigate the altered records and missing funds and drugs. Pursuant to these investigations, the Regional Director was fired, the Western Zone Commander retired, and the prior custodian of the evidence room and another agent were suspended.

In August of 1998, Evancho was transferred to the position of supervising agent of the Financial Investigative Unit ("FIU"), where she was charged with supervising only two other agents. Evancho neither applied for nor received advance notice of the transfer. She alleges that this position was a "dead end job" involving "an outrageous and unaccomplishable workload."

In her new assignment, she was given significantly lower performance evaluations than at any other time in her career with the

3

Bureau.  Evancho was also placed in counseling and was required to undergo interim evaluations.  She began to suffer from severe depression and anxiety due to her work circumstances.  On September 18, 2000, she left her job for medical and psychological reasons and has not been able to return.  In her complaint, Evancho alleges that her "transfer was carried out by underlings reporting directly to the attorney general and/or by the attorney general himself for the explicit purpose of either setting [her] up for dismissal or, it [sic] that were not successful, making her work life so miserable as to force her resignation."

On September 12, 2002, four years after her transfer, Evancho filed a writ of summons in the Court of Common Pleas of Allegheny County against Attorney General Fisher officially and individually and the Office of the Attorney General (collectively "defendants").  On October 10, 2002, she filed a complaint in state court.  On October 23, 2002, defendants removed the case to federal district court.  On October 25, 2002, Evancho filed an amended complaint, claiming that defendants violated the Pennsylvania Whistleblower Law,  43 Pa. Code §§ 1421-1428, and her civil rights under § 1983 in retaliation for her whistleblowing activities.  On November 8, 2002, defendants filed a motion to dismiss for failure to state a claim.  On March 26, 2003, the district court granted the defendants' motion as to both claims.

First, the district court observed that Evancho failed to specify any acts committed by Attorney General Fisher individually.  In particular, the district court noted that "the only mention of Attorney General Fisher in Evancho's amended complaint appears at paragraph 35 [sic], in which she alleges that her transfer to the FIU 'was carried out by underlings reporting directly to the attorney general and/or by the attorney general himself for the explicit purpose of either setting [plaintiff] up for dismissal or, if that were not successful, making her work life so miserable as to force her resignation.'"  Evancho, slip op. at 9 (alteration in original).  The district court also observed: "Plaintiff even admits in her brief that she 'simply does not have firm evidence of Michael Fisher's individual involvement.'"  Id.  Thus, the district court concluded that Evancho's allegations against Attorney General Fisher in his individual capacity do not satisfy the heightened pleading standard to which claims against individual government defendants were historically subject.  The district court specifically stated:  "Plaintiff's conclusory allegations in [paragraph] 25 do not satisfy the heightened pleading standard to which claims against individual government defendants are subject."  Id.  The district court

4

therefore dismissed Evancho's amended complaint against Attorney General Fisher individually without prejudice, allowing Evancho to amend her complaint setting forth her allegations against Attorney General Fisher with greater specificity.  Id., slip op. at 10.

Second, the district court noted that Evancho conceded that her civil rights claim against Attorney General Fisher in his official capacity and the Office of the Attorney General is barred by Will v. Michigan Department of State Police, 491 U.S. 58, 69 (1989), which held that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983.  Accordingly, the district court dismissed Evancho's claim against Attorney General Fisher in his official capacity and the Office of the Attorney General.  Evancho timely appealed.

## II.  Jurisdiction and Standard of Review

We have subject matter jurisdiction pursuant to 28 U.S.C. § 1291 (2000).  Our standard of review of the district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is plenary.  See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).  When considering a Rule 12(b)(6) motion, we are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.   Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989); D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).  A Rule 12(b)(6) motion should be granted "if it appears to a certainty that no relief could be granted under any set of facts which could be proved." D.P. Enter. Inc., 725 F.2d at 944; Richardson v. Pa. Dep't of Health, 561 F.2d 489, 492 (3d Cir. 1977).  However, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.   In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996)).

## III.  Discussion

On appeal, Evancho challenges only the district court's dismissal of her complaint against Attorney General Fisher in his individual capacity and only as to her  § 1983 claim, not her claim under the Pennsylvania Whistleblower Law.  She first argues that it was incorrect for the district court to apply a heightened particularity requirement beyond the simple notice pleading standard required by Rule 8, citing Leatherman v. Tarrant County Narcotics Intelligence

and Coordination Unit, 507 U.S. 163 (1993), Abbott v. Latshaw, 164 F.3d 141 (3d Cir. 1998), and Weston v. Commonwealth of Pennsylvania, 251 F.3d 420 (3d Cir. 2001). Under Rule 8, she contends that her amended complaint sets forth sufficient detail to show that her § 1983 claim against Attorney General Fisher individually may have merit and to enable Attorney General Fisher to frame an answer. Hence, Evancho argues that we should reverse the district court's dismissal of her amended complaint against Attorney General Fisher in his individual capacity, even though it was without prejudice and she declined to further amend.

Attorney General Fisher does not respond to Evancho's argument concerning the correct pleading standard. Attorney General Fisher simply argues that Evancho's amended complaint fails to state a § 1983 claim under the liberal notice standard of Rule 8. Specifically, he charges that Evancho's amended complaint does not allege facts legally adequate to support her claim, but instead relies solely on conclusory, boilerplate language. As a result, Attorney General Fisher contends that Evancho's amended complaint lacks merit and fails to provide adequate notice to permit an answer to be framed. As an alternative ground of affirmance, Attorney General Fisher asserts that Evancho's § 1983 claim is barred by the applicable statute of limitations. Accordingly, Attorney General Fisher maintains that the district court properly dismissed Evancho's amended complaint against him individually.

**A.**

At the outset, we must determine whether Evancho is obligated to satisfy the heightened pleading standard to which claims against individual government defendants were historically subject or whether she need only satisfy the more liberal notice pleading requirements of Rule 8. In Leatherman, the Supreme Court addressed the question of "whether a federal court may apply a 'heightened pleading standard' – more stringent than the usual pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure – in civil rights cases alleging municipal liability." 507 U.S. at 164. The Supreme Court held that a federal court may not. Id. It noted that Rule 8(a)(2) requires "a complaint [to] include only a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 168. It also noted that Rule 9(b) imposes a particularity requirement in two specific instances, but that municipal liability under § 1983 was not one of them. "[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated

6

actions any reference to complaints alleging municipal liability under § 1983. Expressio unius est exclusio alterius." Id. Thus, the Supreme Court reasoned:

> Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under § 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

507 U.S. at 168-69.

Since Leatherman, which was decided in 1993, the Third Circuit has applied the more liberal notice pleading standard set forth in Rule 8(a) in civil rights cases. See, e.g., Abbott, 164 F.3d at 148 (involving § 1983 complaint filed by a husband against his ex-wife, a city constable, and three police officers); Weston, 251 F.3d at 429 (involving a hostile work environment sexual harassment complaint filed by an employee against his state employer and his co-workers). In Abbott, the Third Circuit stated that "the complaint easily satisfied the standards of notice pleading; no more is required of a plaintiff in § 1983 cases." 164 F.3d at 148. Similarly, in Weston, the Third Circuit explained: "[I]n Leatherman v. Tarrant County, the Court . . . rejected the suggestion that a heightened pleading standard – more stringent than the usual pleading requirements of Rule 8(a) – should apply in civil rights cases." 251 F.3d at 429 (internal quotation omitted). We view Abbott as controlling because it was a § 1983 case. While Leatherman arguably was limited to § 1983 cases involving municipal liability, no such limitation appears in Abbott. That decision treats all § 1983 cases alike. The same can be said for Weston, despite the fact that it was not a § 1983 case.

The Supreme Court recently reaffirmed the application of the liberal notice pleading standard of Rule 8 in Swierkiewicz v. Sorema, 534 U.S. 506 (2002). In the context of an employment discrimination complaint filed by an employee against a former employer, the Supreme Court reasoned that a heightened pleading standard conflicts with Rule 8(a):

7

Th[e] simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court. Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts.

Id. at 513 (internal quotations and citations omitted). Significantly, the Supreme Court stated that "complaints in these cases [referring to employment discrimination], like most other complaints, must satisfy only the simple requirements of Rule 8(a)." Id. (emphasis added).

We conclude that Evancho is correct that her amended complaint need only satisfy Rule 8(a) and that the district court judge erred in applying the pre-1993 heightened standard. Notably, the district court judge did not acknowledge the impact of Leatherman or recognize that the Third Circuit has followed that decision since 1993, applying Rule 8 instead of a heightened standard. Moreover, the district court did not cite, much less distinguish, Leatherman, Abbott, Weston, or Swierkiewicz. Nevertheless, we conclude that the district court's error was harmless because, even on the most favorable view, Evancho's amended complaint utterly fails to meet the liberal notice pleading standard of Rule 8(a).

**B.**

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Delarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, under the liberal notice pleading standard of Rule 8(a), Evancho's amended complaint fails to allege facts that, if proven,

8

would show Attorney General Fisher's personal involvement in Evancho's transfer. The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980) (citing Hall v. Pa. State Police, 570 F.2d 86, 89 (3d Cir. 1979)). Here, Evancho's amended complaint fails to include any of those elements. She did not allege any facts indicating that Attorney General Fisher personally directed her transfer. Her amended complaint likewise does not contain even a remote suggestion that Attorney General Fisher had contemporaneous, personal knowledge of her transfer and acquiesced in it. Indeed, she did not identify the date her transfer was ordered, who ordered it, the date or means by which she was informed of the transfer, who told her that she was being transferred, or where that communication was made. Nor did she specify that any named "underling" of Attorney General Fisher orchestrated her transfer. As such, we conclude that Evancho's amended complaint does not in any way meet the Third Circuit's standard for a legally adequate civil rights complaint.

We agree with the government that the facts here are similar to those in Gay v. Petsock, 917 F.2d 768 (3d Cir. 1990). There, a prisoner filed suit against the prison superintendent and two correction officers, alleging that the defendants acted in concert to remove legal materials from his cell denying him access to the courts. The district court dismissed the case against the superintendent for failure to state a claim because only one of the correction officers ordered the prisoner's legal materials to be removed. The district court thus considered the prisoner's claim against the superintendent to be based upon the doctrine of respondeat superior. Id. at 771. The Third Circuit affirmed, reasoning that there was "nothing in the record to suggest that [the superintendent] was involved in the acts complained of or that they were done with his knowledge and acquiescense." Id.

Like the superintendent in Gay, Evancho has not alleged any facts to indicate that Attorney General Fisher individually directed Evancho's transfer or knew of and acquiesced in it. Implicitly, her amended complaint, similar to the prisoner's complaint in Gay, rests on the doctrine of respondeat superior, contrary to Rode. Thus, by analogy to Gay, we necessarily must conclude that the district court's dismissal of Evancho's amended complaint was proper.

In contrast to the personal involvement that the Third Circuit rightly requires for a civil rights complaint, Evancho's amended

9

complaint merely hypothesizes that Attorney General Fisher may have been somehow involved simply because of his position as the head of the Office of the Attorney General. This conclusion, however, is not a reasonable inference to be drawn from the facts alleged in Evancho's complaint. The record shows that Evancho had at least three levels of supervision within the Bureau. Her complaint and briefs, in fact, particularly mention a Regional Commander and a Western Zone Commander. Outside the Bureau, three state entities separate the Bureau from the Office of the Attorney General. Specifically, the Bureau falls under the Criminal Investigations Section, which falls under the Criminal Law Division, which falls under the Unit of First Deputy Attorney General. Each of these separate entities, in turn, operates under the supervision of a managerial head. Given this hierarchy, the decision to transfer Evancho presumably was made by mid-level management officials within the Bureau itself. It is unlikely that her transfer even involved persons at the level of the Criminal Investigations Unit, one step above the Bureau, let alone an "underling" of the Attorney General or the Attorney General Fisher personally.

Moreover, it is not possible for Attorney General Fisher, in his individual capacity, to frame an answer to Evancho's amended complaint because it alleges no specific act by him relating to her transfer. Paragraph 25 of her amended complaint states: "The transfer was carried out by underlings reporting directly to the attorney general and/or by the attorney general himself for the explicit purpose of either setting Agent Evancho up for dismissal or, if that were not successful, making her life so miserable as to force her resignation." Neither this allegation nor any other in her amended complaint indicate any actions taken by Attorney General Fisher himself, or his "underlings," to engineer her transfer. For example, she does not allege when the Attorney General Fisher made the decision to transfer her, what steps he took to effect the transfer, whom he instructed to prepare the necessary transfer forms, or who signed those forms. Without addressing any of these facets of her transfer in her amended complaint, Evancho's allegation that Attorney General Fisher himself and/or his "underlings" carried out her transfer is simply a "bald assertion," which a court is not required to credit in deciding a motion to dismiss.

While we appreciate that the discovery process is designed to enable a plaintiff like Evancho to undercover evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged. See City of

10

Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998). Had Evancho alleged actual facts, as opposed to conclusions, connecting Attorney General Fisher to her transfer, her amended complaint might satisfy the liberal notice pleading standard of Rule 8(a). However, under any reasonable reading of her amended complaint, she did not do so. Accordingly, we agree with Attorney General Fisher that Evancho's civil rights allegation as to him individually amounts to nothing more than conclusory, boilerplate language insufficient to show that she is or may be entitled to relief if her allegations are proven.[3]

## IV. Conclusion

Because Evancho's amended complaint against Attorney General Fisher individually fails to meet the liberal notice pleading requirements of Rule 8(a), we conclude that the district court correctly dismissed under Rule 12(b)(6) her amended complaint for failure to state a claim upon which relief can be granted. Accordingly, we affirm the district court's dismissal without prejudice of Evancho's amended complaint.

---

[3] Since Evancho's claim does not meet the liberal notice pleading requirements set forth in Rule 8(a), we need not, and do not, reach Attorney General Fisher's assertion that Evancho's § 1983 claim is barred by the statute of limitations.