Donald J. BURNSWORTH, Jr.; Diana Burnsworth, his wife, Appellants

v.

PC LABORATORY; Pennsylvania State Police; Daniel Ekis, Individually and as Pa. State Police Trooper; Greene County Memorial Hospital.

No. 08–4248.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 14, 2010.

Opinion filed: Jan. 28, 2010.

Peter M. Suwak, Esq., Washington, PA, for Appellants.

Kemal A. Mericli, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Pennsylvania State Police and Daniel Ekis.

Before: AMBRO, CHAGARES, and STAPLETON, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Donald and Diana Burnsworth brought this civil action in state court, alleging federal constitutional violations and separate state law claims. The defendants removed the case to federal court. This appeal involves claims against Daniel Ekis, a state trooper at the scene of Donald Burnsworth's accident. The District Court granted Ekis's motion for summary judgment. We affirm.

I.

Donald Burnsworth[1] was a commercial truck driver. In February 2003, he was transporting road de-icing material across Pennsylvania. While on duty, he collided with another vehicle, causing a fatality. After the accident, Burnsworth spoke with his supervisor, who told him that he would need to undergo drug and alcohol testing in accordance with federal regulations. Burnsworth was given the option of either visiting a facility affiliated with his employ-

---

1. We refer to Donald Burnsworth as "Burnsworth" for the remainder of the opinion.

er or one suggested by the state police. He stated no preference at the time.

Shortly after the accident, Ekis arrived on the scene. He interviewed a witness and provided traffic control. After completing these tasks, he spoke with the investigating trooper on the scene, one of his superiors. Although Ekis understood his general responsibilities as a state trooper at the scene of an accident, he lacked relevant knowledge about commercial vehicle laws and regulations—including those imposed by the federal government. The investigating trooper told Ekis that Burnsworth would have "to be tested due to the commercial motor vehicle law." As a result, Ekis transported Burnsworth to Greene County Memorial Hospital to collect blood and urine samples.

While at the hospital, a phlebotomist completed the Federal Drug Testing and Custody Control Form. The Control Form indicated that Burnsworth's blood and urine samples were to be released to Ekis. Once the samples were collected, Ekis called his barracks, seeking further instructions. He was directed by one of his superiors to bring the samples back to the barracks and place them into evidence. He complied.

In the end, a different state trooper delivered Burnsworth's samples to Pc Laboratory, along with the Control Form and a letter from the Pennsylvania State Police (requesting drug and alcohol testing). Unfortunately, Pc Lab was not certified by the National Institute of Drug Abuse ("NIDA"), as required by federal regulations. Relevant to this appeal, NIDA-certified facilities are required to preserve blood and urine samples so that follow-up testing can be performed, if necessary.

Burnsworth tested positive for marijuana. Nevertheless, he was told by the police that no charges would be filed against him, since they had determined that he was not the cause of the accident. Burns-

worth was later informed by Pc Lab that his blood and urine samples had been discarded. As a result, he was unable to perform any follow-up tests.

After testing positive for marijuana, Burnsworth lost his job as a commercial truck driver; however, he did not lose his commercial driver's license. Furthermore, Burnsworth did not apply for another job as a truck driver. Instead, he was hired as a laborer, earning more than he had in his previous job.

Burnsworth nonetheless brought a § 1983 suit, alleging that Ekis violated his procedural due process rights by failing to follow federal regulations when conducting his drug screening. After the suit was removed from state court, the District Court granted Ekis's motion for summary judgment and remanded to state court Burnsworth's remaining state law claims.

For the following reasons, we affirm.

## II.

The District Court had jurisdiction over this action under 28 U.S.C. § 1331 and § 1343. We have jurisdiction under 28 U.S.C. § 1291.

■ "We exercise plenary review over the District Court's decision to grant summary judgment." *Hedges v. Musco,* 204 F.3d 109, 115 (3d Cir.2000). "Summary judgment is appropriate only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* However, the District Court's decision to decline to exercise supplemental jurisdiction is reviewed for abuse of discretion. *Id.* at 122–24.

## II.

■ "Every person who, under color of [state law] subjects, or causes to be subjected any ... person within the jurisdic-

tion [of the United States] to the deprivation of any rights ... secured by the Constitution ... shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. "It is axiomatic that '[a] § 1983 action ... employs the principle of proximate causation.'" *Hedges,* 204 F.3d at 121 (*quoting Townes v. City of New York,* 176 F.3d 138, 149 (2d Cir.1999)). To establish proximate causation, "a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [defendant's actions] and the specific deprivation of constitutional rights at issue." *Id.* (internal quotation marks omitted). "[M]ere negligence is insufficient to trigger constitutional liability." *Fagan v. City of Vineland,* 22 F.3d 1296, 1305 (3d Cir.1994) (en banc). However, "the judicial conscience is shocked by a governmental employee's reckless disregard of the constitutional rights of an individual...." *Id.* at 1306. At the same time, a governmental defendant "must have personal involvement in the alleged wrongdoing." *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (internal quotation marks omitted).

Burnsworth argues that Ekis had an obligation to follow federal regulations relating to drug testing and that he violated Burnsworth's civil rights by failing to follow them. *See* 49 C.F.R. §§ 40.1 *et seq.* Under Burnsworth's theory, Ekis's alleged misconduct began a chain of events that caused Burnsworth's blood and urine samples to be sent to a non-NIDA-certified facility. Because of this, those samples were discarded before he could retest them, which prevented him from challenging the initial test results (and possibly saving his job).

■ In rejecting Burnsworth's claim against Ekis, the District Court applied a "setting in motion" theory of proximate causation—a plaintiff-friendly test that we have not yet adopted in the § 1983 context. The District Court was persuaded

by the reasoning in a recent case, *McCleester v. Mackel,* No. 06–120J, 2008 WL 821531, at *12 (W.D.Pa. Mar.27, 2008), where the court held that a defendant could be subjected to liability in a § 1983 action for "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (internal quotation marks omitted). This theory has been accepted by other Circuit Courts of Appeals. *See, e.g., Morris v. Dearborne,* 181 F.3d 657, 672 (5th Cir. 1999); *Sales v. Grant,* 158 F.3d 768, 776 (4th Cir.1998); *Waddell v. Forney,* 108 F.3d 889, 894 (8th Cir.1997); *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 560–61 (1st Cir.1989); *Conner v. Reinhard,* 847 F.2d 384, 396–97 (7th Cir.1988); *Arnold v. Int'l Bus. Machines Corp.,* 637 F.2d 1350, 1355 (9th Cir.1981). In the end, we conclude that Burnsworth's § 1983 claim fails even under this less rigorous theory of proximate causation. Therefore, this appeal is not the appropriate context for considering whether to adopt this theory in § 1983 actions.

Were this theory in play, Burnsworth argues that Ekis's actions "set in motion" the events that caused Burnsworth to be deprived of his constitutional rights. We disagree.

Concededly, Ekis's conduct in this case was less than ideal. Although he helped secure the scene of the accident, he was unaware of how to proceed from there under relevant regulations. Sensibly, he followed the guidance of the investigating trooper on the scene. Following his superior's directions, Ekis transported Burnsworth to the hospital and secured the necessary blood and urine samples. Once again, when Ekis was unsure of how to proceed, he called his superiors for guidance. Following their orders, Ekis placed Burnsworth's blood and urine samples into

evidence. This ended Ekis's involvement in the matter.

In the end, it was a different state trooper who ultimately delivered Burnsworth's samples to Pc Lab. There is no evidence from which a reasonable jury could conclude that Ekis knew or reasonably should have known that others would unconstitutionally deprive Burnsworth of his rights as a result of his actions. Ekis did not deliver the samples to Pc Lab himself, nor did he direct anyone else to do so. In placing the samples into evidence, he was simply following the instructions of his superiors. This is not enough to satisfy causation in the § 1983 context—even under a "setting in motion" theory. Therefore, we affirm the District Court's entry of summary judgment in favor of Ekis.

█ Finally, Burnsworth also challenges the District Court's decision to decline to exercise supplemental jurisdiction over his remaining state law claims. The District Court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "This Court has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges,* 204 F.3d at 123 (*quoting Borough of W. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995)) (emphasis in original). Since in this case the Court dismissed all of the federal claims over which it had jurisdiction prior to trial, we conclude that its decision to decline to exercise supplemental jurisdiction over the remaining state law claims was not an abuse of discretion.

\*　　\*　　\*　　\*　　\*　　\*

For the foregoing reasons, we affirm the judgment of the District Court.