BLD-224                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1892
_____

ISAAC MITCHELL,

Appellant

v.

JEFFREY A. BEARD, PH.D., individually and in his official capacity as Secretary of
Corrections; LOUIS S. FOLINO, individually and in his official capacity as SCI-Greene
Superintendent; CORRECTIONAL OFFICER RAMBLER, individually and in his
official capacity; COUNSELOR HARRIS, (JOHN DOE) individually and in his official
capacity; DR. JIN, (JOHN DOE); DR. JOHN DOES 1 AND 2; JANE AND JOHN
DOES SPECIALIST AND EXPERTS 3, 4, 5; JANE AND JOHN DOES; DR.
CANTINO;
DR. FOSTER; NURSE WRESTLER; NURSE 6, in their individual and official capacity;
CORRECTIONAL OFFICER DOES; DEPUTY MILLER; CUMBERLAND;
WILLIAMS; BLACK; SHIRA; LT. WORKMAN, in their individual and official
capacity; JANE AND JOHN DOES 7, 8, 9 AND 10, in their individual and official
capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2:09-cv-00972)
District Judge: Honorable Terrence F. McVerry
_____

Submitted on Appellant's Motion to Reopen, Appellant's Application to Proceed In
Forma Pauperis, Appellant's Motion for Appointment of Counsel, and for Possible
Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012
Before: SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed July 19, 2012)
_____

OPINION
_____

PER CURIAM

On July 20, 2009, Isaac Mitchell, a capital inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania (SCI-Greene), commenced this civil rights action pro se pursuant to 42 U.S.C. § 1983. Mitchell named as defendants numerous current and former Pennsylvania Department of Corrections employees (DOC defendants), medical personnel at SCI-Greene (medical defendants), and two additional corrections officers employed at SCI-Greene (additional DOC defendants).[1]

I.

Mitchell alleged that he fell on June 13, 2001, because Officer Rambler failed to properly escort him up a flight of stairs. According to Mitchell, as a result of the fall, he suffered serious physical and mental injuries. Mitchell further alleged: (1) Counselor Harris failed to report the incident and failed to provide Mitchell with proper information regarding DOC paralegal services; (2) the medical defendants provided improper medical treatment for his injuries; (3) Deputy Miller, Cumberland, and Williams assaulted

---

[1] The DOC defendants consist of Secretary Beard, Superintendent Folino, Officer Rambler, Counselor Harris, Deputy Miller, Cumberland, Williams, and Lt. Workman. The medical defendants consist of Dr. Jin and Nurse Wrestler. The corrections officers are Officer Black and Officer Shira.

2

Mitchell on an unspecified date while on transportation duty, injuring Mitchell's left knee; (5) on August 2, 2007, Officers Black and Shira refused to provide Mitchell with a wheelchair, forced him to instead use his walker, watched him fall and sustain injuries, and did not thereafter secure for him proper medical treatment; (6) Lt. Workman was notified of the August 2, 2007 incident but did nothing, supporting a "conspiracy of silence"; and (7) Secretary Beard, Superintendent Folino, and Dr. Jin were derelict in their duty to insure Mitchell's constitutional rights and supported a "conspiracy of silence."

In 2006, Mitchell brought a civil rights claim, alleging the same underlying facts. See Lopez, et al. v. Falor, et al., No. 2:06-cv-00409, 2007 WL 2758034 (W.D. Pa. 2007). In that case, the District Court dismissed Mitchell's complaint in its entirety in accordance with the screening provisions set forth in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. §§ 1915A(b) (granting federal courts authority to sua sponte screen and dismiss civil rights claims brought by prisoners if the claims are "frivolous, malicious, or fail[] to state a claim upon which relief can be granted"), 1915(e)(2)(B) (requiring screening where prisoner proceeds in forma pauperis); 42 U.S.C. § 1997e(c)(1) (requiring screening where prisoner brings claim with respect to prison conditions, including medical conditions). Mitchell did not appeal the decision of the District Court.

Over the course of this current litigation, Mitchell has moved for the appointment of counsel numerous times. Mitchell filed motions seeking the appointment of counsel on November 12, 2009, and December 7, 2009. The magistrate judge denied these motions. On January 7, 2010, Mitchell filed a motion requesting an immediate competency hearing and the appointment of an attorney as guardian ad litem. The magistrate judge denied this motion on the merits, concluding that the psychiatric and medical evaluations demonstrated that Mitchell was mentally competent, but noted the court's inference that it was another attempt to secure the appointment of counsel. Thereafter, Mitchell filed two supplemental motions for reconsideration of his motions for appointment of counsel, on September 30, 2011, and October 14, 2011. The magistrate judge denied these motions.

The DOC defendants and the medical defendants filed separate motions to dismiss on numerous grounds, including that Mitchell's claims were barred by the statute of limitations and the doctrine of res judicata and that Mitchell failed to allege personal involvement against Beard, Folino, Jin, and Workman. The magistrate judge recommended that the motions be granted in their entirety. The District Court granted the motions to dismiss.

The additional DOC defendants filed a motion for summary judgment on the ground that there was no evidence of record that Black or Shira was deliberately indifferent to a serious medical need either prior to or after Mitchell's August 2, 2007

4

fall. The magistrate judge recommended that summary judgment be granted. The District Court granted the additional DOC defendants summary judgment.

Mitchell timely appealed, and the appeal was docketed in this Court on April 3, 2012, but was dismissed by our Clerk on May 22, 2012, for failure to timely pay the appellate docketing fees. See Fed. R. App. P. 3(a); 3d Cir. LAR 3.3; 3d Cir. LAR Misc. 107.1(a). Mitchell filed a motion to reopen, a motion to proceed in forma pauperis, and a motion for appointment of counsel.

We will grant the motion to reopen. Mitchell filed the motion to reopen on May 23, 2012, just one day after the Clerk dismissed his appeal, averring that he had not received the necessary paperwork from the prison administration staff to complete his application to proceed in forma pauperis in sufficient time to meet the fourteen-day filing deadline. See 3d Cir. LAR Misc. 107.1(a). Mitchell's motion to reopen was timely, and we find that he has shown good cause. 3d Cir. LAR Misc. 107.2(a). We will also grant the motion to proceed in forma pauperis. Mitchell's prison account statement as well as his affidavit of assets and income reflect an inability to prepay the entire appellate docketing fee. 28 U.S.C. § 1915(a)(1).

Accordingly, we must consider whether this appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) or whether summary action is appropriate pursuant to local

rule. 3d Cir. LAR 27.4; I.O.P. 10.6.[2] We will summarily affirm the District Court because no substantial question is presented by this appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a request to appoint counsel for an abuse of discretion. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (citing Rayes v. Johnson, 969 F.2d 700, 704-05 (8th Cir. 1992)). Our review of a district court's dismissal for failure to state a claim is plenary. Leuthner v. Blue Cross & Blue Shield of Ne. Pa., 454 F.3d 120, 124 (3d Cir. 2006). We must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).We also exercise plenary review of the District Court's grant of the defendants' motion for summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact, and the moving part is

---

[2] The Clerk's order referring Mitchell's motions to this panel also provided that, in the event his motion to proceed in forma pauperis was granted, this panel would review his appeal for possible dismissal or summary action. Mitchell was afforded fourteen days from the date of the order within which he could submit argument. Mitchell has not

entitled to judgment as a matter of law. <u>Kaucher v. Cnty. of Bucks</u>, 455 F.3d 418, 422-23 (3d Cir. 2006); Fed. R. Civ. P. 56(a).

III.

First, we will summarily affirm the orders of the District Court denying Mitchell's motions requesting appointment of counsel. The appointment of counsel is left to the discretion of the district court. <u>Tabron</u>, 6 F.3d at 155-58 (compiling a non-exhaustive list of factors to be considered by the court on a case-by-case basis). Here, the District Court determined that because this case was still in the early stages of litigation; because the factual and legal merits of the case were still unclear; because there would not likely be complex credibility determinations; and because the litigation would not likely impact other prisoners, it was premature to request an attorney to represent Mitchell but noted that it would reconsider in the event his case proceeded to trial. We find no abuse of discretion.

IV.

We will also summarily affirm the order granting the motions to dismiss filed by the DOC defendants and the medical defendants. The District Court relied on several appropriate grounds, but as we may affirm on any grounds supported by the record, <u>see</u>

---

responded.

7

Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001), we will limit our discussion to the following.

A.

"In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (citing Wilson v. Garcia, 471 U.S. 261, 276-78 (1985)). In Pennsylvania, the relevant statute of limitations is two years. 42 Pa. Cons. Stat. Ann. § 5524. Therefore, Mitchell's claims are subject to a two-year statute of limitations.

A federal claim accrues as soon as a potential claimant is aware, or should be aware, of the existence of and source of injury. United States v. Kubrick, 444 U.S. 111, 122-23 (1979); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988), abrogated on other grounds by Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997). There is little doubt that Mitchell was aware on or about June 13, 2001, that he had suffered an injury and that he knew the alleged source of the injury. However, less clear is the date by which Mitchell should have known that the medical treatment he received was further injurious to him. Due to the paucity of detail in Mitchell's complaint, it is similarly difficult to identify when he knew or should have known of any injury resulting from the alleged assault by Miller, Cumberland, and Williams.

Nevertheless, Mitchell was sufficiently aware of his initial injury, the subsequent medical treatment, and the alleged assault prior to January 12, 2006, the date on which he

8

commenced his previous civil rights action alleging the same underlying facts.[3] Affording

Mitchell every benefit of the doubt, therefore, it was incumbent upon him to file his

present claim no later than January 14, 2008.[4] Mitchell commenced this current action on

July 20, 2009. Consequently, all claims, except those directed against the additional DOC

defendants, are time-barred.[5]

B.

There is one possible exception. Mitchell alleges that Beard, Folino, Jin, and

Workman supported a "conspiracy of silence" and failed to insure Mitchell's

constitutional rights. The time period to which Mitchell ascribes his allegations directed

toward these defendants is not clear from his complaint. We interpret Mitchell's

allegations to include alleged conduct occurring contemporaneous to both the June 13,

2001 and August 2, 2007 incidents. Conduct contemporaneous to the 2007 incident

would not be time-barred. Therefore, to the extent Mitchell alleges injurious conduct

arising from this later incident, we note the following.

"A[n individual government] defendant in a civil rights action must have personal

involvement in the alleged wrongdoing; liability cannot be predicated solely on the

---

[3] In his original claim, the perpetrators of the alleged assault were not identified.
[4] January 12, 2008, fell on a Saturday. See Fed. R. Civ. P. 6(a)(1)(C).
[5] The District Court addressed Mitchell's argument that the statute of limitations should be tolled. According to Mitchell, the defendants engaged in a conspiracy of silence that worked to conceal his injuries. As properly determined by the District Court, in light of Mitchell's previous complaint, this argument is devoid of merit. We note further that Mitchell is precluded from relitigating these claims under the doctrines of collateral estoppel, Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1074 (3d. Cir. 1990), and

operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). A plaintiff must allege "personal direction" or "actual knowledge and acquiescence."Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (quoting Rode, 845 F.2d at 1207). Here, Mitchell does not allege that these DOC defendants were personally responsible for the injuries he incurred. Rather, Mitchell merely alleges that these DOC defendants were derelict in their duty to protect his constitutional rights. Essentially, Mitchell alleges that they are liable for improperly supervising those directly responsible for his injuries. Such allegations are not sufficient to state a claim.[6] Evancho, 423 F.3d at 353.

V.

Finally, we will summarily affirm the order granting summary judgment to the additional DOC defendants. To state a claim under the Eighth Amendment for denial of medical care, an inmate-plaintiff must allege that (1) the defendant was deliberately indifferent to his medical needs and (2) those needs were serious. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

---

res judicata. Swineford v. Snyder Cnty. Pa.,15 F.3d 1258 (3d Cir. 1994).

[6] Mitchell's parallel assertions that these DOC defendants supported a "conspiracy of silence" are bald and conclusory, and we reject them. In order to "properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) (citing D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992)). Mitchell failed to do so. Unlike factual assertions, mere conclusions are not entitled to the presumption of truth. Great W. Mining & Mineral

Deliberate indifference occurs when "[an] official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence is not sufficient. See Estelle, 429 U.S. at 106. Rather, deliberate indifference comprises a conscious disregard of a serious risk. Rouse, 182 F.3d at 197.

A medical need is serious if it "has been diagnosed by a physician as requiring treatment," or if it "is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). "A medical need is also serious where denial of treatment would result in the unnecessary and wanton infliction of pain … or a life-long handicap or permanent loss." Atkinson, 316 F.3d at 273 (internal quotations and citations omitted).

Here, Mitchell failed to establish an issue of material fact that he had a serious medical need to which these defendants were deliberately indifferent. There was no record evidence suggesting that Black or Shira knew or should have recognized that Mitchell required a wheelchair. To the contrary, Mitchell's medical records did not indicate that a wheelchair was necessary. Black and Shira inquired as to whether Mitchell needed a wheelchair, but a nurse specifically informed them that Mitchell could not have a wheelchair for transport. While Mitchell periodically borrowed a wheelchair, he did not

Co., 615 F.3d at 178 (citing Iqbal, 556 U.S. at 680-81).

11

have his own. Rather, Mitchell owned and often used a walker. Based on this record evidence, summary judgment was appropriate.[7]

## VI.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. In light of this, we will deny Mitchell's motion for the appointment of counsel.

---

[7] Mitchell conceded during his deposition that Black and Shira acted appropriately following his fall in securing medical treatment for him.