BLD-022                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3064
_____

AMIR HAKIM McCAIN,
                                  Appellant

v.

JOHN E. WETZEL, Secretary of Corrections;
CHIEF, SECRETARY'S OFFICE OF INMATE
GRIEIVANCE AND APPEALS; SUPERINTENDANT JOHN DOE;
WENDY SHAYLOR, Grievance Coordinator; LIEUTENANT ALLISON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-07241)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 13, 2012)
_____

OPINION
_____

PER CURIAM

Amir Hakim McCain, a state prisoner currently incarcerated at SCI Fayette in LaBelle, Pennsylvania and proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motion for summary judgment, denying his motions for summary judgment and other relief, and dismissing with prejudice his civil rights complaint pursuant to 42 U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In March 2011, McCain was transferred from SCI Fayette to SCI Graterford for a court appearance. While there, he pled guilty to unauthorized use of the telephone and was sanctioned to thirty days in the Restricted Housing Unit ("RHU"), but his property remained in his housing unit. McCain was released from the RHU in June 2011 and returned to the housing unit to which he had been assigned. He was informed that his property had never been taken to the property room from the housing unit. McCain subsequently located his property in the housing unit and determined that his transcripts and other legal materials were missing. Upon returning to SCI Fayette, McCain initiated a grievance regarding his missing property, and the grievance was denied on initial review and appeal.

McCain filed this civil rights action in November 2011, alleging that Appellees interfered with his property, denied him access to the courts, and stole his commissary

2

items.[1] In December 2011, Appellees filed a motion to dismiss, which was denied by the District Court on January 31, 2012. McCain's deposition was taken on February 10, 2012, and Appellees filed their motion for summary judgment on March 30, 2012. Plaintiff filed a cross-motion for summary judgment on April 2, 2012. After a telephone conference, the District Court ordered McCain to respond to Appellees' motion for summary judgment. McCain did not respond but filed a second motion for summary judgment on May 11, 2012. On July 11, 2012, the District Court entered an order granting Appellees' motion for summary judgment, denying McCain's motions for summary judgment, and denying as moot various motions filed by McCain. McCain then timely filed this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate only when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and

_____

[1] McCain also alleges retaliation by prison officials for his filing of criminal charges against prison official Roegner. However, during his deposition, McCain agreed that this claim concerned issues exclusively arising at SCI Waymart. (McCain v. Wetzel, E.D. Pa. Civ. No. 2:11-cv-07241, Docket # 31-1(hereinafter "McCain Dep.") at 12:3-17:1, 100:2-8.) Because the proper venue for a complaint against staff at SCI Waymart is the United States District Court for the Middle District of Pennsylvania, see 28 U.S.C. § 1391(b), the District Court properly dismissed this claim without prejudice to McCain's re-filing it in the Middle District of Pennsylvania.

3

summary judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly granted Appellees' motion for summary judgment. Liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. These allegations must be made with appropriate particularity. Id. Here, although McCain named Wetzel, Wenerowicz,[2] Shaylor, and Allison as defendants, he expressly admitted during his deposition that he did not know the identity of the individuals who allegedly interfered with his property. (McCain Dep. at 79:22-24.) Furthermore, McCain has failed to allege that Appellees personally directed the alleged interference or had actual knowledge of the interference and acquiesced to it.

---

[2] Appellees identified the Chief and Superintendant referred to by Plaintiff as Michael Wenerowicz, Superintendant of SCI Graterford. Accordingly, we refer to him by name.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.