BLD-203                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1898
_____

MARK GREEN,
                                        Appellant
                    v.

DEPARTMENT OF CORRECTIONS; DONALD KELCHNER; DEPUTY PATTON;
PRC COMMITTEE; SGT. EWAN; SGT. KRIEDER; SGT. PALLONE; JOHN
ANDRADE; UNIT MANAGER STEVENS; MEDICAL DEPARTMENT;
DEPUTY KNEISS; PATRICIA GINOCCHETTI; P/A CHERYL WISNEWSKI; SCI-
GRATERFORD WARDEN VAUGHN; LT. RANSOM; DR. BOHINSKI; DENTIST,
SCI GRATERFORD; MAIL ROOM OFFICERS; MR. FLOOD; PROPERTY ROOM
OFFICERS; JENNIFER DANAKER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1:05-CV-2446 & 05-cv-02562)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2012

Before:  SCIRICA, SMITH AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 21, 2012)

_____

OPINION
_____

PER CURIAM

Mark Green appeals pro se from the judgment entered by the District Court on May 31, 2012. At issue are two orders: one granting summary judgment to fourteen Department of Corrections current or former employees ("the DOC defendants")[1] and dismissing claims against Property Room Officers and Mail Room Officers pursuant to 28 U.S.C. § 1915(e)(2)(B); and an order granting a motion to dismiss filed by P/A Cheryl Wisnewski and Dr. Bohinski ("the medical defendants"), medical personnel working at the State Correctional Institution at Dallas ("SCI-Dallas"). We will summarily affirm.

I.

Green filed a complaint on November 25, 2005, which raised various claims against the DOC defendants, Property Room Officers, Mail Room Officers, and the medical defendants. Thereafter, Green filed an amended complaint that contained none of the factual averments previously directed toward these defendants. Based upon the absence of any averments directed toward them, the defendants moved to dismiss. Green sought leave to amend his complaint to reintroduce his previous allegations, but the District Court denied his motion to amend and dismissed the defendants. Following

---

[1] The DOC defendants consist of the following individuals: John Andrade, Jennifer Danaker, Dentist at SCI-Graterford, Sgt. Ewan, Mr. Flood, Patricia Ginocchetti, Superintendent SCI-Camp Hill Donald Kelchner, Deputy Kneiss, Sgt. Krieder, Sgt. Pallone, Deputy Patton, Lt. Ransom, Unit Manager Stevens, and SCI-Graterford Warden Vaughn.

resolution of Green's remaining claims, judgment was entered, and Green timely appealed. On August 19, 2010, this Court vacated the District Court orders (1) denying Green's motion for leave to amend and (2) granting the defendants' motions to dismiss and instructed the District Court to permit Green to file an amended complaint.

Green re-filed his initial complaint. According to Green, the DOC defendants caused or failed to remedy numerous administrative or medical grievances while Green was incarcerated at SCI-Graterford, SCI-Camp Hill, and SCI-Dallas. The grievances included allegations that DOC defendants arbitrarily denied him meals, recreation, and proper medical care; falsely accused Green of attempted escape and other misconduct; and improperly reclassified Green as a maximum security inmate. Green alleged that one of the DOC defendants, Dentist, accidentally broke one of his teeth while he was incarcerated at SCI-Graterford.[2] Green alleged that property belonging to him was lost or destroyed while he was incarcerated at SCI-Camp Hill and that unknown individuals tampered with his mail.

Green further alleged that the medical defendants violated his rights under the Eighth Amendment. According to Green, he contracted Methicillin-resistant Staphylococcus aureus ("MRSA") while residing at the Federal Detention Center in

---

[2] Green also alleged that Dr. Brooks of SCI-Dallas denied him dental treatment. Further, the evidence presented to the District Court indicates that Green filed a grievance against Dr. Amin of SCI-Dallas for allegedly denying him dental treatment. Neither Dr. Brooks nor Dr. Amin is identified as a defendant in this case.

Philadelphia.[3] Beginning in September 2003, following transfer to SCI-Dallas, Green alleged that he repeatedly sought but was refused treatment by the medical defendants for boils caused by MRSA. Green alleged that in March 2004 he was finally admitted to the infirmary and treated with antibiotics. According to Green, the medical defendants' refusal to treat him promptly for the boils resulted in Green suffering great pain, and the boils left scars on his arms, legs, and face.

The DOC defendants filed a motion for summary judgment. The magistrate judge recommended that the DOC defendants' motion for summary judgment be granted. The District Court granted summary judgment. The District Court also dismissed the claims against the Property Room Officers and the Mail Room Officers.

The medical defendants filed a motion to dismiss pursuant to Rule 12(b)(6). The magistrate judge recommended the motion to dismiss be granted. Green filed objections in which he expressly requested leave to amend his complaint with respect to Dr. Bohinski. The District Court did not address Green's request and granted the motion to dismiss. Green timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of the DOC defendants' motion for summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is

---

[3] Green also allegedly suffers from frequent urination, back pain, diabetes, high blood

proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact, and the moving part is entitled to judgment as a matter of law. <u>Kaucher v. Cnty. of Bucks</u>, 455 F.3d 418, 422-23 (3d Cir. 2006); Fed. R. Civ. P. 56(a). Our review of a district court's dismissal for failure to state a claim is also plenary. <u>Leuthner v. Blue Cross & Blue Shield of Ne. Pa.</u>, 454 F.3d 120, 124 (3d Cir. 2006). We must accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

III.

We will first summarily affirm the order of the District Court that properly granted the DOC defendants summary judgment because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court granted summary judgment on three distinct grounds.

A.

---

pressure, and an irregular heartbeat.

The Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court. 42 U.S.C. § 1997e(a). A prisoner must exhaust all administrative remedies as to any claim that arises in the prison setting. Porter v. Nussle, 534 U.S. 516, 532 (2002). Here, ten of the DOC defendants presented undisputed evidence that demonstrates Green failed to properly exhaust available administrative remedies regarding his claims against them.[4]

B.

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, Green failed to allege any personal involvement on the part of DOC defendants Kelchner and Vaughn.

---

[4] Failure to properly exhaust administrative remedies applies to the following DOC defendants: Andrade, Danaker, Ewan, Flood, Ginocchetti, Kneiss, Krieder, Pallone, Patton, and Ransom. To the extent Green alleged Andrade violated his procedural due process rights under the Fourteenth Amendment by denying his request to call a witness during a misconduct hearing and that resulted in Green being placed in the restrictive housing unit for sixty days, we note that disciplinary sanctions, including placement in segregated confinement, "are rarely sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (upholding dismissal of due process claim because seven months' disciplinary confinement was insufficient to constitute a due process deprivation).

Also, to the extent Green alleged that Ginochetti and Stevens failed to properly address his grievances during the administrative process, we conclude that such an administrative role does not establish personal involvement in the alleged underlying wrongdoing, absent evidence that the defendants engaged in retaliation. See, e.g., Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). There is no such evidence here.

## C.

To state a claim under the Eighth Amendment for denial of medical care, an inmate-plaintiff must allege that (1) the defendant was deliberately indifferent to his medical needs and (2) those needs were serious. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Mere negligence is not sufficient. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Here, Green alleged that the Dentist at SCI-Graterford accidentally broke his front tooth. Accepting Green's allegation as true, such negligent conduct does not violate the Eighth Amendment.[5]

## IV.

---

[5] There is no evidence that Green exhausted administrative remedies regarding his claim against the Dentist at SCI-Graterford. As noted, supra, Green also alleged that Dr. Brooks, a dentist at SCI-Dallas, denied him dental treatment. Green exhausted his administrative remedies against Dr. Brooks. However, Dr. Brooks is not identified as a defendant in this case. Nevertheless, we note that the undisputed evidence demonstrates that Dr. Brooks recommended that Green's tooth be extracted but that Green refused this treatment. Similarly, the undisputed evidence demonstrates that Dr. Amin, another dentist at SCI-Dallas, recommended the same treatment, but Green refused.

7

We will also summarily affirm the order of the District Court that dismissed the claims against the Property Room Officers and the Mail Room Officers because no substantial question is presented by this appeal. Green failed to set forth any allegations of personal involvement on the part of either the Property Room Officers or the Mail Room Officers. Rode, 845 F.2d at 1207.

V.

We will also summarily affirm the order of the District Court that properly dismissed the claims against the medical defendants. The District Court determined that Green failed to aver that the medical defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. We agree.

Deliberate indifference occurs when "[an] official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere negligence is not sufficient. See Estelle, 429 U.S. at 106. Rather, deliberate indifference comprises a conscious disregard of a serious risk. Rouse, 182 F.3d at 197. For example, deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Id. (citing Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993)).

Green averred that Wisnewski repeatedly refused to treat him for what he believed to be MRSA. Further, Green averred that he wrote to Bohinski and informed him of Wisnewski's repeated refusals. However, there is no averment that supports an inference that Wisnewski or Bohinski was aware that Green had contracted MRSA, or that there was a serious risk that Green suffered from the disease. Accordingly, Green has not properly pleaded a claim under the Eighth Amendment.

Under Rule 15(a), if a plaintiff requests leave to amend a complaint before a responsive pleading is filed, "such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Further, unless amendment would be inequitable or futile, a district court has an obligation to inform a plaintiff of his right to amend. Grayson, 293 F.3d at 108. Absent a justifying reason, the refusal to grant leave to amend constitutes an abuse of discretion. Id.

Green sought leave to amend his complaint with respect to Bohinski before any responsive pleading was filed. Although the District Court did not address Green's request, based upon the record before us, we conclude that it would be inequitable to grant him leave to further amend his complaint. An examination of the record reveals that Green has been granted ample opportunity to amend his allegations directed toward the medical defendants. This Court previously remanded this matter to the District Court

9

precisely so these allegations could receive proper review. In turn, the report and recommendation of the Magistrate Judge put Green on notice that his second amended complaint was deficient in that it failed to set forth facts to allege deliberate indifference against either of the medical defendants. Mere conclusory statements in this regard, as contained in Green's second amended complaint and in his brief in opposition to the motion to dismiss, are not sufficient. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (The federal pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quoting Twombly, 550 U.S. at 555).[6]

## VI.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

[6] Further amendment would also be futile. At most, Green's allegations directed toward Bohinski suggest that he failed to properly supervise Wisnewski. Such conduct will not support a claim. Evancho, 423 F.3d at 353 (requiring personal involvement in the alleged wrongdoing). Although the question of futility is closer regarding his allegations directed toward Wisnewski, Green has repeatedly failed to set forth sufficient factual allegations which would establish deliberate indifference.