**ALD-047**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3291
_____

WILLIAM D. TURNER,
Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA;
SHIRLEY MOORE, SECRETARY OF CORRECTIONS;
ROBERT B. MACINTYRE, CHIEF EXAMINER FOR DEPARTMENT OF
CORRECTIONS; MICHAEL WENEROWICZ, SUPERINTENDENT SCI
GRATERFORD; MARY CANINO, GRATERFORD HEARING EXAMINER;
LIEUTENANT MR. KNAPP, AT SCI GRATERFORD; LIEUTENANT JOHN DOE,
AT SCI GRATERFORD; SERGEANT MR. C. PHIPPS, AT GRATERFORD;
WENDY SHAYLOR, AT SCI GRATERFORD; MS. T. FANRAK, UNIT MANAGER
AT GRATERFORD; MS. S. O'MARA, AT SCI GRATERFORD;
JOHN/JANE DOE, ALSO UNIT MANAGER MEDICAL DEPARTMENT
FOR CORRECTIONS, P.A. AT GRATERFORD DURING SICK CALL;
WHITE MALE NURSE JOHN DOE; STAFF AT SCI MAHANOY, AS WELL AS
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; TONY INUZZY;
MARVA CERULLO; PRISON HEALTH SYSTEMS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-01701)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2012

Before: SLOVITER, VANASKIE and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2012)

_____

OPINION

_____

PER CURIAM.

William D. Turner, a state inmate currently incarcerated at SCI Mahanoy in Frackville, Pennsylvania and proceeding pro se, appeals from orders of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motion to dismiss his second amended complaint pursuant to 42 U.S.C. § 1983 and denying his post-judgment motions. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

**I.**

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. On July 27, 2010, Turner was transferred to SCI Graterford, refused to be housed with a cell mate, and received a misconduct write-up from Lieutenant Knapp and Sergeant Phipps. After a disciplinary hearing held before Hearing Examiner Canino, Turner pled guilty and received thirty days in disciplinary custody. According to Turner, this write-up and hearing violated his due process and equal protection rights.

Turner was released from disciplinary custody on August 12 or 13, 2010 and was returned to the general population, where he was placed in the top bunk of a double cell despite a doctor's note in his possession stating that Turner was to have lower bunk status. According to Turner, Unit Managers O'Mara and Fanrak violated his Eighth

2

Amendment right to be free from cruel and unusual punishment by placing him in a top bunk. Turner also alleges that he suffered foot and leg injuries and anxiety attacks after being placed in a double cell. Furthermore, he argues that nurses John and Jane Doe failed to take action despite being presented with his doctor's note and that Wendy Shaylor violated his rights by stating that such a note was not included in his records at SCI Graterford. Finally, Turner alleges that upon his return to SCI Mahanoy, physician's assistant Inuzzy violated his Eighth Amendment rights by taking away his lower bunk status, thereby causing Turner to fall and suffer a torn rotator cuff.

On December 29, 2010, Turner filed this civil rights action in the Court of Common Pleas for Montgomery County, Pennsylvania. In March 2011, Appellees filed a notice of removal to remove Turner's complaint to the District Court. Appellees filed a motion to dismiss Turner's complaint on March 21, 2011, and approximately a month later, Turner filed a motion for leave to file an amended complaint. On May 13, 2011, the District Court granted Turner leave to file an amended complaint and denied Appellees' motion to dismiss without prejudice.

Turner filed his first amended complaint on May 24, 2011. In response, Appellees filed a motion to dismiss, which was granted by the District Court on March 20, 2012. However, the District Court gave Turner leave to file a second amended complaint by April 6, 2012. Turner filed his second amended complaint on April 4, 2012. Appellees filed a motion to dismiss for failure to state a claim, and on June 27, 2012, the District Court granted Appellees' motion and dismissed Turner's second amended complaint with

prejudice.  Turner subsequently filed a motion for judgment on the pleadings relating to summary judgment and a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment, both of which were denied by the District Court on August 3, 2012.  Turner then timely filed his notice of appeal as to the District Court's June 27, 2012 and August 3, 2012 orders.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint."  McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009).  We may affirm the District Court on any basis supported by the record.  Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

## III.

Section 1983 provides private citizens with a means to redress violations of federal law committed by state officials.  See 42 U.S.C. § 1983.  To establish a claim under §

1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009).

The District Court correctly dismissed Turner's claims against defendants Attorney General, Moore, MacIntyre, and Wenerowicz for lack of personal involvement. Liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Here, although Turner names the Attorney General, Moore, MacInytre, and Wenerowicz as defendants, his second amended complaint fails to establish that they personally directed the alleged violations or had actual knowledge of the alleged violations and acquiesced to them.

We further agree with the District Court's conclusion that the Eleventh Amendment provides the Pennsylvania Department of Corrections ("DOC") defendants protection from suit in their official capacities. The Eleventh Amendment protects a state or state agency from a federal suit regardless of the relief sought, unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. MCI Telecomm. Corp. v. Bell Atl.-Pa., 217 F.3d 491, 503-04 (3d Cir. 2001); see also Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Section 1983 does not abrogate states' immunity. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Furthermore, "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh

Amendment immunity." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). We have previously noted that the Commonwealth of Pennsylvania has expressly withheld its consent to be sued. See Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); see also 42 Pa. Cons. Stat. § 8521(b). Because the DOC is a part of Pennsylvania's executive department, its employees share in Eleventh Amendment immunity to the extent they are sued in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see also Lavia, 224 F.3d at 195.

Turner alleges that Knapp and Phipps violated his right to due process when they denied his request for self-confinement under Pennsylvania Department of Corrections Administrative Directive ("DC-ADM") 802 and issued him a misconduct for disobeying an order to be housed with a cell mate. He also alleges that Canino violated his due process rights during his disciplinary hearing. Although Turner's allegations do not distinguish between substantive due process and procedural due process, we consider each in turn.

Certain fundamental rights are substantively protected by the Fourteenth Amendment's due process clause. See White v. Napoleon, 897 F.2d 103, 111 (3d Cir. 1990). A claim alleging a substantive due process violation requires a showing of behavior that can "properly be characterized as arbitrary, or conscience shocking." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); see also Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct."). Here, the

6

District Court properly dismissed Turner's substantive due process claim because Knapp, Phipps, and Camino's conduct was not arbitrary and did not "'shock[] the conscience.'" Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) (quoting United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003)). It was within Knapp and Phipps' discretion to deny Turner's request for administrative custody and to issue a misconduct for disobeying an order and within Camino's discretion to determine whether Turner was in fact guilty.

Procedural due process protection "for a state created liberty interest . . . is limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). No liberty interest is implicated where the state action does not "present a dramatic departure from the basic conditions of confinement." Sandin, 515 U.S. at 484.; see also Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011) ("[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest."). State regulations, such as those contained in DC-ADM 802, own their own do not create a due process liberty interest. See Griffin, 112 F.3d at 708. Here, Turner's thirty-day confinement in administrative custody does not constitute an atypical or significant hardship. See id. ("[E]xposure to the conditions of administrative custody for periods of as long as 15 months . . . did not deprive [the inmate] of a liberty interest and

7

[] he was not entitled to procedural due process protection."). Accordingly, the District Court correctly dismissed Turner's procedural due process claims against Knapp, Phipps, and Canino.

Turner next alleges that he was denied equal protection of the law when he received disciplinary custody and when he was assigned a top bunk in a double cell. We agree with the District Court that Turner has insufficiently pled this claim because he has not provided evidence that he received treatment different than that received by other similarly situated individuals. Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003).

Finally, Turner alleges that defendants Shaylor, Farnak, O'Mara, John Doe, Jane Doe, and Inuzzy[1] violated his Eighth Amendment right to be free from cruel and unusual punishment by not providing adequate medical care even though he possessed a doctor's note stating that he was to have lower bunk status. Specifically, Turner states that he suffered physical injuries and anxiety attacks because of this inadequate care.

To plead an Eighth Amendment claim based on medical care, a plaintiff must demonstrate that defendants displayed deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle, 429 U.S. at 103) ("Only 'unnecessary and wanton

---

[1] The proper venue for Turner's claims against Inuzzy and staff at SCI Mahanoy is the United States District Court for the Middle District of Pennsylvania. See 28 U.S.C. § 1391(b). Although the District Court should have dismissed this claim without prejudice to Turner's re-filing it in the Middle District of Pennsylvania, we conclude that such error is harmless because, as discussed below, Turner's claim has no merit.

infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.'").

With regards to Shaylor, we have previously noted that non-medical officials are entitled to rely on medical professionals' judgment. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Turner's second amended complaint does not plead any facts or present any documentation suggesting that Shaylor was aware of the doctor's note assigning him to lower bunk status; indeed, he seeks to hold Shaylor liable simply for stating that such a note was not part of his record at SCI Graterford. Accordingly, the District Court properly dismissed Turner's claim as to Shaylor.

While a prison official may violate the Eighth Amendment by "intentionally interfering with [medical] treatment once prescribed," Estelle, 429 U.S. at 105 & n.12, Eighth Amendment liability cannot be based on simple negligence or lack of due care, Farmer v. Brennan, 511 U.S. 825, 835-39 (1994). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Here, Turner's second amended complaint fails to establish that Farnak, O'Mara, John Doe, Jane Doe, and Inuzzy were deliberately indifferent to his health. Notably, while

9

Turner has attached a 1996 doctor's note assigning lower bunk status that was approved by medical staff at SCI Greene, he himself states that a unit manager informed John Doe that there was nothing in his medical or prison record at SCI Graterford to indicate that he had lower bunk status. Accordingly, the District Court properly dismissed Turner's Eighth Amendment claims because he did not demonstrate that Farnak, O'Mara, John Doe, Jane Doe, and Inuzzy knew about, let alone disregarded, his lower bunk status.

After the District Court dismissed his second amended complaint with prejudice, Turner filed a "Motion for Judgment on the Pleadings Relating to Summary Judgment." Accordingly, the District Court properly denied this motion. Turner also filed a "59(e) Motion to alter or Amend Judgment," alleging that his second amended complaint should not have been dismissed because he had demonstrated that the defendants had caused his injuries and because the District Court had overlooked some of his claims. However, because Turner was requesting relief from the District Court's final judgment, the District Court properly treated his motion as one pursuant to Fed. R. Civ. P. 60(b) and denied it because Turner had not identified the basis for his requested relief. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (courts may construe post-judgment motions as Rule 59(e) or Rule 60(b) motions).

**IV.**

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Turner's motion

for appointment of counsel is denied.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-56 (3d Cir.

1993).