**DLD-052**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3556
_____

SOLOMON JOHNSON,
                                        Appellant

v.

BRIAN V. COLEMAN, WARDEN; DR. HERBICK, MEDICAL DIRECTOR;
ROBERT TRETINIK, R.N.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:11-cv-01376)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2012

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 13, 2012 )
_____

OPINION
_____

PER CURIAM

        Solomon Johnson appeals pro se from the District Court's order dismissing his

complaint.  Because the appeal presents no substantial question, we will summarily

affirm the District Court's order.

I.

In 2008, Johnson filed a civil rights complaint in the United States District Court for the Western District of Pennsylvania. In the complaint, he alleged that Defendants Dr. Herbick, Brian Coleman, and Robert Tretinik were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment to the Constitution.

The medical condition from which Johnson suffers is known as deep vein thrombosis. Prior to his incarceration, he was given a treatment plan consisting of "lifetime annual ultrasound therapy in conjunction with blood thinners . . . ." Johnson received this treatment while imprisoned at the State Correctional Institution at Albion in September 2007. After being transferred to the State Correctional Institution at Fayette, he requested his annual treatment for 2008. Herbick, the Medical Director, refused to continue with the yearly ultrasound therapy, telling Johnson that ultrasound therapy was only necessary if he was having pain. Herbick also arranged for Johnson to consult with a vascular surgeon via videoconference, and it appears that the vascular surgeon agreed with Herbick's decision to forego Johnson's annual ultrasound therapy.

At some point in 2009, Johnson developed pain and a lump in his left leg. After he expressed concern that he was experiencing clotting in his legs, he was visited by medical personnel. It appears that, during his medical examination, Johnson received anti-inflammatory medicine and an X-ray, which came out negative for signs of the lump. Because Johnson was unable to consult the vascular surgeon again or receive ultrasound therapy, he filed a grievance regarding his treatment. Tretinik, the Chief Health Care

Administrator, responded to Johnson's grievance with a letter reiterating the treatment that Johnson received.

According to Johnson's complaint, Herbick demonstrated deliberate indifference to Johnson's serious medical condition by failing to comply with Johnson's pre-incarceration medical treatment plan and failing to consult the vascular surgeon after Johnson complained of the lump and pain in his left leg. Johnson also claimed that his grievance put Tretinik and Coleman, the Warden, on notice that he suffered from a serious medical condition and was not receiving adequate medical treatment in the prison.

The Magistrate Judge recommended dismissing Johnson's complaint against all three defendants, reasoning that (1) Johnson's claim against Herbick was time-barred; (2) Johnson failed to allege facts establishing that Herbick acted with deliberate indifference; and (3) Johnson failed to allege facts establishing that Coleman and Tretinik had actual knowledge that Johnson was not receiving adequate medical treatment. Despite Johnson's objections to the Report and Recommendation, the District Court agreed substantially with the Magistrate Judge and issued a memorandum order dismissing Johnson's complaint. Johnson timely appealed to this Court.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's order granting a motion to dismiss for failure to state a claim is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to

3

dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

A. Dismissal of the claim against Herbick

Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to establish a constitutional violation, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A finding of deliberate indifference requires proof of subjective knowledge, not objective knowledge, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551

4

F.2d 44, 48 (4th Cir. 1977)).  We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment."  Rouse, 182 F.3d at 197 (citing Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993)).  However, we have found that "no claim is stated when a doctor disagrees with the professional judgment of another doctor."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

The District Court properly dismissed Johnson's claim for failure to allege facts establishing that Herbick knew of and ignored a risk to Johnson's health.  Although Johnson alleged a serious medical condition, he did not allege that Herbick denied or delayed necessary medical treatments.  Instead, Johnson received treatment for his condition in accordance with Herbick's treatment plan, which Herbick apparently developed via videoconference consultation with a vascular surgeon.  It thus appears that Johnson's claim is fundamentally about his concern that Herbick's treatment plan differed from the treatment Johnson received prior to his incarceration at SCI-Fayette.  Because Johnson's complaint alleged only a disagreement with the course of treatment he received, we agree with the District Court that Johnson failed to state a claim that Herbick was deliberately indifferent to his serious medical condition.

B. Dismissal of the claim against Tretinik and Coleman

The District Court properly dismissed Johnson's claims against Tretinik and Coleman for their roles as administrators.  "If a prisoner is under the care of medical

5

experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. Because Tretinik's only alleged role was responding to Johnson's administrative complaint, we conclude that the District Court properly applied Spruill when it dismissed Johnson's claim against Tretinik.

The District Court also properly dismissed Johnson's claim against Coleman. "An individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Here, because Johnson did not allege that Coleman had any personal involvement in the alleged underlying wrongdoing, he failed to state a claim against Coleman.

Accordingly, this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.

6