NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3901
_____

SALAHUDDIN F. SMART,
Appellant

v.

BOROUGH OF BELLMAWR;
SERGEANT DRAHAM;
WILLIAM WALSH, Chief of Police

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-00996)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: June 17, 2013)
_____

OPINION
_____

PER CURIAM

In 2011, Salahuddin F. Smart filed a pro se civil rights complaint pursuant to 42

U.S.C. § 1983 in the District Court, naming as defendants Sergeant Michael Draham,

Chief of Police William Walsh, and the Borough of Bellmawr, New Jersey ("the Borough") (collectively "Defendants"). Smart's complaint alleged that (1) Draham unlawfully entered his motel room without his consent or a warrant; and (2) Walsh and the Borough failed to properly train Draham. In 2012, the District Court granted Defendants' motion for summary judgment. Smart timely filed this pro se appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment, using the same standard applied by the District Court. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the following reasons, we will affirm the District Court's order in part, vacate it in part, and remand for further proceedings.

The events giving rise to Smart's complaint occurred on the night of January 31, 2011. An employee of the Econo Lodge motel in Bellmawr called 911 to report that two males and a female were involved in a "verbal and physical" altercation in the lobby. One of the men was Smart, who had been staying at the motel for several weeks. Sergeant Draham and another officer responded to the call, arriving at the motel minutes later. A motel employee informed the officers that Smart had returned to his room. The officers proceeded to Smart's room and knocked on the door. Smart and a woman were inside. Smart asked the officers what they wanted, and the officers expressed their desire

to come inside the room. According to Smart's complaint, he asked Draham "why he believed he had the right to enter." Smart alleged that the second officer responded "because he can," and that Draham said he was authorized because he was dispatched pursuant to a 911 call about a fight. Smart told the officers that no fight had taken place, and that he did not consent to their entry. According to Smart, the officers entered the room anyway and Draham conducted a search. Observing no indications of violence, Draham recorded the occupants' contact information and left a short time later.

We will affirm the District Court's grant of summary judgment to Walsh and the Borough on Smart's claims that they failed to properly train and supervise Bellmawr police officers regarding the warrant requirement and the exception for exigent circumstances. Liability under § 1983 for failure to train or supervise municipal employees requires a showing that the failure amounts to "deliberate indifference" to the rights of persons with whom those employees will come into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999). Smart alleged no facts supporting such claims with respect to Walsh or the Borough. He also alleged no facts suggesting that Walsh had personal involvement in the search of his motel room. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

However, we will vacate the District Court's grant of summary judgment to Draham with respect to Smart's claim regarding the warrantless search of his motel room. The District Court determined that although Smart's claim had merit, Draham was

3

entitled to summary judgment on the basis of qualified immunity. We review the grant of qualified immunity de novo. See Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012). Based on the record before us, we cannot agree that Draham was entitled to summary judgment on the basis of qualified immunity for the reason offered by the District Court.

The qualified immunity analysis is two-pronged, requiring a determination of (1) whether the officer's conduct violated a constitutional right; and (2) whether that right was clearly established; in other words, whether it would have been "clear to any reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 201-02 (2001). Qualified immunity is destroyed only if both prongs are established, though they need not be considered in any particular order. Pearson v. Callahan, 555 U.S. 223, 232-36 (2009). Qualified immunity analysis "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" Marcavage v. Nat'l Park Serv., 666 F.3d 856, 860 (3d Cir. 2012) (internal quotation marks omitted). The burden of establishing entitlement to qualified immunity is on Draham. See Harlow v. Fitzgerald, 457 U.S. 800, 808 (1982).

Here, the District Court found that the first qualified immunity prong was established because Draham's warrantless search of Smart's motel room violated the Fourth Amendment. In so finding, the Court rejected Draham's argument that the search was justified by exigent circumstances. The Court concluded, however, that Draham was nevertheless entitled to qualified immunity because the "clearly established" qualified

4

immunity prong was not established. The Court explained that a reasonable officer in Draham's position could have believed that a warrantless search of Smart's room was lawful because "[i]n cases involving an officer's warrantless entry in response to a 911 call reporting potential domestic violence, the precise standard for probable cause remains indeterminate in this Circuit." This conclusion is not supported by the record.

We are mindful that the Supreme Court has made clear that no question can reasonably be raised "about the authority of the police to enter a dwelling [without a warrant] to protect a resident from domestic violence." Georgia v. Randolph, 547 U.S. 103, 118 (2006). Moreover, as Draham notes, courts have generally accorded great latitude to an officer's belief that a warrantless entry was justified by exigent circumstances when the officer had substantial reason to believe that one of the parties to a domestic dispute was in danger. See, e.g., United States v. Martinez, 406 F.3d 1160, 1164-65 (9th Cir. 2005); Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998). However, as the District Court itself acknowledged, Draham offered "no evidence" of circumstances suggesting an ongoing domestic dispute or danger to any person inside Smart's room. "In fact," the Court observed, "all [Draham] has established is that when he arrived at [Smart]'s motel room, [Smart and the female occupant] were inside."

The record before us contains no evidence that the police were dispatched pursuant to a report of ongoing or impending domestic violence in Smart's room. The police report indicates that the 911 caller reported only that an altercation was occurring

5

between two males and one female in the motel's lobby. There is no mention of anything occurring in Smart's room or any indication that the altercation constituted possible domestic violence. Throughout this litigation, Draham has presented no evidence supporting his generalized assertion that he was dispatched to the motel to investigate a potential incident of domestic violence. Because there is nothing in the record to suggest that the 911 call had anything to do with domestic violence, we cannot uphold the District Court's conclusion that Draham could have reasonably believed that a warrantless search of Smart's room based upon a possible domestic violence exception was justified.

Accordingly, whether the law is clearly established concerning this potential domestic violence exception to the warrant requirement, the officer would not be shrouded by it here given the District Court's finding that there is no evidence that the officer was responding to a report of domestic violence. We will therefore vacate the District Court's order to the extent that it granted summary judgment to Draham on the basis of qualified immunity and remand for further proceedings.[1]

---

[1] Smart has also filed a motion requesting "sanctions and enforcement of the briefing and scheduling order," arguing that Appellees' brief was untimely. The motion is denied.