NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2355
_____

FREDERICK RIVERS,
Appellant

v.

SCI HUNTINGDON PRISON;
TABB BICKELL, Superintendent;
MAINTENANCE DEPARTMENT;
PLUMBING DEPARTMENT;
POWERHOUSE DEPARTMENT;
MR. BILGER, Safety Manager

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-02620)
District Judge: Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013

Before: HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: August 2, 2013)

_____

OPINION
_____

PER CURIAM

Fredrick Rivers, an inmate at the Pennsylvania State Correctional Institute at Huntingdon, appeals from the order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint with prejudice. We will summarily affirm. See Third Circuit LAR 27.4 and I.O.P 10.6.

I.

Because we write primarily for the parties, we recount only the essential facts and procedural history. Rivers, proceeding pro se and in forma pauperis, filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by the defendant's deliberate indifference to his health and safety concerning the lack of heat in his cell. Rivers alleges that he informed two correctional officers, not listed as defendants, of the problem and filed grievances against the departments of maintenance, plumbing and powerhouse of SCI-Huntingdon. Defendants Bickell and Bilger were not mentioned in the body of the complaint. Rivers only seeks monetary damages.

The Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim and seeking monetary relief from a defendant who is immune from such relief. Specifically, the Court found that any claim against defendant SCI-Huntingdon and its departments was barred by the Eleventh Amendment because SCI-Huntingdon is part of the Pennsylvania Department of Corrections, which in turn is an agency of the Commonwealth of Pennsylvania and had

not waived its immunity. The Court dismissed the complaint against defendants Bickell and Bilger because it did not allege that either defendant was personally involved with providing heat to Rivers cell or that either knew of the lack of heat. The Court concluded that granting Rivers leave to amend his complaint would be futile. On April 29, 2013, the District Court Judge adopted the Report and Recommendation of the Magistrate Judge over Rivers objections and dismissed the complaint. This appeal followed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also U.S. v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). Our review of the District Court's order dismissing the complaint is plenary. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## III.

In order to state a claim upon which relief may be granted, a plaintiff must present facts that, if true, show a facially plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). We agree with the District Court that Rivers' amended complaint should be dismissed for failure to state a claim and for seeking monetary relief from a defendant who is immune from such a suit.

A. SCI-Huntingdon and its Departments

A suit in federal court against a state or one of its agencies is barred by the

3

Eleventh Amendment unless the state waives its immunity. <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 389 (1998). The Pennsylvania Department of Corrections is a state agency and SCI-Huntingdon and its departments are part of the Pennsylvania Department of Corrections. <u>See</u>, 71 P.S. § 61. The Commonwealth of Pennsylvania has not waived its immunity and therefore Rivers' claim, seeking monetary damages, against SCI-Huntington and its departments must be dismissed. <u>See</u>, 42 P.C.S.A. § 8521(b); 28 U.S.C. § 1915A(b)(2).

      B. <u>Defendants Bickell and Bilger</u>

Despite defendants Bickell and Bilger being named in the caption, they are not mentioned in the body of the amended complaint. To the extent that Rivers is asserting a claim against the defendants based on their supervisory role, that claim must be dismissed. <u>See</u> <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior."). Rivers has provided no facts from which it could be reasonably inferred that either defendant Bickell or Bilger had any knowledge of, or power to control, the level of heat in Rivers cell and therefore Rivers has failed to state a claim against the defendants.[1]

---

[1] We agree with the District Court that it would have been futile to give Rivers another opportunity to amend his complaint, especially in light of his objections to the Magistrate Judge's Report and Recommendation.

4

## IV.

Thus finding no substantial question raised by this appeal, we summarily affirm the decision of the District Court.