**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2420
_____

JOHN HART,
                    Appellant

v.

CITY OF PHILADELPHIA; LOUIS GIORLA, Individually and in his
official capacity as Commissioner of the Philadelphia Prison System;
JOHN DELANEY, Individually and in his official capacity as Warden
of Curran-Fromhold Facility; MICHELE FARRELL, Individually and in
her official capacity as Warden of House of Corrections; WILLIAM LAWTON,
Individually and in his official capacity as Warden of Philadelphia Industrial
Correctional Center and House of Correction; CHRISTOPHER THOMAS,
Individually and in his official capacity as CMR Director; BRUCE HERDMAN,
Individually and in his official capacity as Chief of Medical Operations of the
Philadelphia Prison System; SHEILA BEDFORD, Individually and in her official
capacity as Bail Commissioner of the City of Philadelphia; CORIZON; ARAMARK
CORRECTIONAL SERVICE, INC.; LT. JOSEPH MURRAY, Individually and in his
official capacity as a Lieutenant for the Philadelphia Prison System; C.O. RONALD
EURE, Individually and in his official capacity as a Correctional Officer for the
Philadelphia Prison System; C.O. JOHN #1 DOE, Unknown Correctional Officer,
Individually and in his official capacity as a Hearing Examiner for the  Philadelphia
Prison System; GERALD MAY, Individually and in his official capacity as a Major for
the Philadelphia Prison System; WARDEN KAREN BRYANT, Individually and in her
official capacity as Warden of Philadelphia Industrial Correctional Center; C.O. JOHN
#2 DOE, Unknown Correctional Officer, Individually and in his official capacity as a
Hearing Examiner for the Philadelphia Prison System; JAMES ARNONE, Individually
and in his official capacity as a Physician for the Philadelphia Prison System; C.O.
CHARLES HARMER; C.O. DEIDRA THORNTON; JHEOVANNIE WILLIAMS; C.O.
RAMEL YOUNG; SERGEANT SOHAIL AKHTAR; C.O. NATALIA BAPTISTE;
SERGEANT ANNCELESTE GANGEMI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-06661)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2019

Before: CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

John Hart appeals multiple orders from the District Court: two orders granting motions to dismiss for failure to state a claim and an order granting a motion for summary judgment. For the following reasons, we will affirm in part and vacate in part, and will remand for further proceedings.

I.

In his second amended complaint, Hart brought claims under 42 U.S.C. § 1983, stemming from his four-year incarceration in the Philadelphia Prison System ("PPS")—specifically during his incarceration at the Curran-Fromhold Correctional Facility ("CFCF") and at the Philadelphia Industrial Correction Center ("PICC"). Hart named

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

dozens of defendants, including many associated with the City of Philadelphia,[1] as well as Doctor James Arnone (a physician involved with Hart's medical care at CFCF), and Corizon Health, Inc. ("Corizon") (the health care provider of PPS).[2]

As to the City of Philadelphia defendants, Hart claimed, among other things, that: prison personnel failed to respond to his grievances; he suffered retaliation, allegedly for filing those grievances and for filing this lawsuit; his legal work was destroyed by prison personnel; false charges of misconduct were filed against him, and he was transferred to administrative or punitive segregation as a result of those misconduct charges; and the City of Philadelphia allegedly instituted unconstitutional policies. With regard to Dr. Arnone and Corizon, Hart alleged that he was denied medical treatment, in violation of his Eighth Amendment guarantee against cruel and unusual punishment.

The District Court granted Dr. Arnone's motion to dismiss on July 28, 2017. Dkt. #84. On September 21, 2017, the District Court granted the motion to dismiss filed by the

---

[1] These include Louis Giorla, the Commissioner of PPS, John Delaney, the Warden of CFCF, Michele Farrell, the Warden of CFCF, William Lawton, the Warden of the PICC, Karen Bryant, the Warden of PICC, Christopher Thomas, the Director of Records at CFCF, Bruce Herdman, Chief of Medical Operations of PPS, Sergeants Annceleste Gangemi and Sohail Akhtar of CFCF, CFCF Correctional Officers Jheovannie Williams, Natalia Baptiste, Ronald Eure, Ramel Young, Deidra Thornton, PICC Director of Security, Gerald May, PICC Correctional Officer Joseph Murray, Correctional Officer Charles Harmer, a hearing examiner for PPS, Correctional Officer John Doe #1, a hearing examiner for PPS, Correctional Officer John Doe #2, a hearing examiner for PPS and Correctional Officer John Doe #3, a mail officer for PPS (collectively, the "City of Philadelphia defendants").

[2] Hart also named Aramark Correctional Service, LLC (a food service provider for the PPS). The District Court granted Aramark's motion to dismiss for failure to state a claim. Dkt. #87. Hart does not appeal this order.

City of Philadelphia defendants. Dkt. #89. A few days later on September 29, 2017, before discovery had taken place, Corizon filed a motion for summary judgment. Dkt. #91. The District Court granted that motion on March 2, 2018. Dkt. #98. Hart timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of the motions to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id.

Similarly, we review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006).

"To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423. It is undisputed that the City of Philadelphia defendants, Dr. Arnone, and Corizon are state actors for purposes of § 1983; thus our focus is on whether Hart has adequately alleged a violation of his constitutional rights. We

4

address each party in turn.

### A. City of Philadelphia defendants

Hart challenges the grant of the City of Philadelphia defendants' Rule 12(b)(6) motion on procedural and substantive grounds. First, he argues that the Rule 12(b)(6) motion was a serial motion barred by Rule 12(g)(2). Second, he argues that he set forth sufficient facts to survive the motion to dismiss, and further argues that, even if he did not, he should have been allowed to amend his complaint. We disagree.

Rule 12(g)(2) prohibits successive Rule 12(b)(6) motions raising "a defense or objection that was available to the party but omitted from its earlier motion." See Fed. R. Civ. P. 12(g)(2). However, "[a] district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless, even if it technically violates Rule 12(g)(2)." Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 321 (3d Cir. 2015).

Relevant here, the City of Philadelphia defendants filed a motion pursuant to Rule 8(a)(2), asking the District Court to strike the second amended complaint because it was unnecessarily long and cumbersome, and thus failed to satisfy Rule 8's pleading standards. Dkt. #56. The District Court denied this motion, and the City of Philadelphia defendants subsequently filed a motion to dismiss pursuant to Rule 12(b)(6). Because the basis for the first motion was Rule 8—that the complaint did not comply with the applicable pleading standards—we do not view Rule 12(g)(2)'s bar of successive Rule 12 motions as being applicable.[3]

---

[3] In his reply brief, Hart argues that Rule 8(a)(2) does not provide any ground to "strike" a pleading, and thus contends the motion was, in reality, a motion to strike pursuant to

5

Turning to Hart's substantive challenges, he argues on appeal that he sufficiently alleged facts to support his claims against the numerous City of Philadelphia defendants. Much of his brief on appeal is dedicated to pointing to paragraphs in his second amended complaint where he believes he set forth these necessary facts, which he contends the District Court overlooked or ignored. Additionally, he continuously argues that Rule 8 requires only a short and plain statement, and maintains that, if what he provided was insufficient, he should have been allowed to amend his complaint for a third time.[4]

A complaint must do more than *allege* entitlement to relief; rather a complaint has to "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). "As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" Id.

---

Rule 12(f). Appellant's Reply Br. 3. Therefore, he argues, the subsequent Rule 12(b)(6) motion should have been barred as successive under Rule 12(g)(2). Appellant's Reply Br. 3. Even if we accepted Hart's contention that the City of Philadelphia defendants' first motion was indeed a Rule 12(f) motion, we would not find reversible error, as any error was harmless. See 28 U.S.C. § 2111 (when considering an appeal, we must give judgment "without regard to errors or defects which do not affect the substantial rights of the parties"); Leyse, 804 F.3d at 321–22 ("So long as the district court accepts all of the allegations in the complaint as true, the result is the same as if the defendant had filed an answer admitting these allegations and then filed a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h)(2)(B) expressly permits.").

[4] Hart does not challenge the District Court's determination that he failed to allege a Monell claim as to the City of Philadelphia. See Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (noting how a municipality may be held liable under § 1983). Accordingly, we need not address that issue. See F.D.I.C. v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000) (finding an issue not raised in opening brief on appeal was waived and would not be addressed).

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (alterations in original).

Here, the District Court meticulously went through Hart's voluminous second amended complaint, pulled out all of the allegations aimed at the City of Philadelphia defendants, and ultimately determined that Hart failed to provide factual detail to support his generic statements. For example, with respect to many of the City of Philadelphia defendants, the District Court determined that Hart failed to allege personal involvement with sufficient particularity. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988) (noting a defendant in a § 1983 action must have personal involvement in the alleged wrongs, and such personal involvement must be alleged with appropriate particularity); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (noting "a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible"). With respect to the false misconduct charges that Hart alleges various City of Philadelphia defendants filed against him, the District Court determined Hart was given disciplinary hearings to contest these allegedly false charges. See Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002) (noting that "due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports"); see also Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").

Upon our review of Hart's second amended complaint, we agree that Hart has alleged, but has not *shown*, that he is entitled to relief. Much of the second amended complaint contains conclusory allegations that do not provide detail beyond averring that

7

"Defendant [X]" harmed Hart in some capacity, which is insufficient to state a claim.[5] See

Iqbal, 556 U.S. at 678 (noting that, while the pleading standard of Rule 8 does not require

"'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlaw-

fully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked as-

sertions' devoid of 'further factual enhancement'" (alteration omitted) (quoting Twombly,

550 U.S. at 557)).  Furthermore, given the circumstances of this case, including the fact

that Hart was allowed to amend his complaint twice, the District Court did not err in de-

clining to invite additional amendment of his complaint.  See Grayson v. Mayview State

Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

**B. Dr. James Arnone**

Hart maintains that he adequately alleged a violation of the Eighth Amendment in

his second amended complaint.  Specifically, Hart claims that Dr. Arnone violated his con-

stitutional right to adequate medical care because Dr. Arnone discontinued a prescription

for a lotion to treat a skin condition that was prescribed by another doctor.  He also argues

that, if detail is lacking in his second amended complaint, he should be allowed to amend

his complaint again.  We disagree.

In order to sustain his constitutional claim under 42 U.S.C. § 1983, Hart must "make

(1) a subjective showing that [Dr. Arnone was] deliberately indifferent to [his] medical

needs and (2) an objective showing that those needs were serious."  Pearson v. Prison

---

[5] For purposes of brevity, we need not go through every single instance of alleged mis-
conduct for every single City of Philadelphia defendant, including, inter alia, Hart's retal-
iation and access to the courts claims.  The District Court has already addressed all of
Hart's claims, and we agree with the determinations detailed in the memorandum order.

Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (internal quotation marks omitted); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (to state an Eighth Amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence [1] *deliberate* indifference to [2] *serious* medical needs" (emphasis added)). As to the subjective prong of the Eighth Amendment test, mere errors in medical judgment or other negligent behaviors do not meet the subjective mens rea requirement. See Estelle, 429 U.S. at 106–07; see also White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990) ("Mere medical malpractice cannot give rise to a violation of the Eighth Amendment.")

Our review of the operative second amended complaint reveals that Hart has failed to satisfy the Estelle standard. Specifically, Hart does not provide sufficient factual allegations to support the inference that Dr. Arnone had the requisite mental state for his actions to be considered deliberately indifferent to Hart's medical needs. Cf. Spruill v. Gillis, 372 F.3d 218, 237–38 (3d Cir. 2004) (finding the plaintiff's complaint sufficiently connected his factual allegations to the alleged mental states of the treating physicians to state an Eighth Amendment claim). Dr. Arnone's decision to discontinue a lotion prescribed by another doctor is not *per se* sufficient, and there are no facts alleged that support this action was done maliciously. See White, 897 F.2d at 109–10 (noting that intentional interference with prescribed treatment is one method of showing deliberate indifference to serious medical needs, but that no claim under the Eighth Amendment is stated "when a *doctor* disagrees with the professional judgment of another doctor" (emphasis in original)).

On appeal, Hart argues that he has established the deliberate indifference prong because he asserted Dr. Arnone's decision was based on an alleged policy of Corizon which

encouraged its employees "to cut costs for medical services and medication in order to increase [profits]." Second Am. Compl. ¶¶ 97–98. While we have found deliberate indifference in situations where "necessary medical treatment is delayed for non-medical reasons," Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003), a complaint must include more than labels and conclusions, formulaic recitations of the elements of the cause of action, and naked assertions devoid of further factual enhancement. Iqbal, 556 U.S. at 678. The paragraphs cited by Hart in the second amended complaint are such naked assertions, and do not nudge his claims of deliberate indifference "across the line from conceivable to plausible." Id. at 680. In any event, as the District Court correctly determined, Hart also fails to state a claim because he has failed to allege facts that support the conclusion that his skin condition[6] is sufficiently serious for purposes of the Eighth Amendment.[7] See Colburn, 946 F.2d at 1023 (noting a prisoner's condition "must be such that a failure to treat can be expected to lead to *substantial* and unnecessary suffering, injury, or *death*" (emphasis added)).[8] For the reasons already noted above, the District Court did not

---

[6] The operative second amended complaint does not specify what the skin condition is, but the first amended complaint stated that the condition is Keratosis Pilaris, which was described by Dr. Arnone as "a common skin condition that causes rough patches and small, acne-like bumps usually on the arms, thighs, cheeks and buttocks." Dkt. #84 at 2.

[7] Indeed, the second amended complaint omits the *name* of the skin condition, omits any description of the symptoms of the skin condition and how it affects Hart, and omits how failure to treat the condition could lead to further injury or unnecessary suffering.

[8] Hart appears to argue on appeal that because he was prescribed medicine for his skin condition, he has satisfied the "serious medical need" prong of Estelle. We do not believe the one-time prescription of medication is a *per se* indication that a condition is "serious" for purposes of Estelle. See White, 897 F.2d at 110 ("There may, for example, be several acceptable ways to treat an illness."). Moreover, Hart has failed to allege that the

10

err in declining to invite additional amendment of the complaint.  See Grayson, 293 F.3d at 111.

**C. Corizon**

On appeal, Hart appears to argue that the District Court erred by prematurely granting summary judgment to Corizon before he had the chance to conduct discovery.  We agree, and will remand as to this issue.

"It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015) (internal quotation marks omitted).  "This is necessary because, by its very nature, the summary judgment process presupposes the existence of an *adequate* record."  Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (emphasis added).  Consequently, if the non-moving party believes that additional discovery is required, the proper course is to file a discovery request pursuant to Rule 56(d).[9]  Id.; see also Shelton, 775 F.3d at 567–68 (noting that a formal motion is not required to request discovery under Rule 56 and consequently "nothing precludes a party from requesting an opportunity for discovery under Rule 56(d) by simply attaching an appropriate affidavit or declaration to that party's response to a motion for summary judgment").  An adequate discovery request pursuant to

---

prescription was even necessary or how the failure to treat the condition could lead to further substantial injury or unnecessary suffering.

[9] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Rule 56(f) became Rule 56(d) after amendment in 2010.  Shelton, 775 F.3d at 567.

Rule 56(d) "specifies what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained." Shelton, 775 F.3d at 568 (internal quotation marks omitted). "We have made clear that, in all but the most exceptional cases, failure to comply with Rule 56([d]) is fatal to a claim of insufficient discovery on appeal." Bradley v. United States, 299 F.3d 197, 207 (3d Cir. 2002).

Here, Corizon filed its motion for summary judgment a few days after the City of Philadelphia defendants' Rule 12(b)(6) motion was granted. Corizon had previously filed an answer to Hart's second amended complaint, but, other than that filing, *no other discovery had taken place*. The District Court granted Corizon's motion for summary judgment because Hart failed to show the existence of facts that would establish a Monell claim against Corizon. See Natale, 318 F.3d at 583–84 (analyzing a § 1983 inadequate medical care claim against a private corporation that provides medical care to prisoners under the municipality liability of Monell). However, Hart argues on appeal—as he did in opposing Corizon's motion—that he cannot point to the evidence that the District Court found to be lacking because he was not afforded discovery to find that evidence in the first place. Appellant's Br. 19–20.

While Hart did not file a Rule 56(d) affidavit or declaration, this is one of those "exceptional circumstances" in which we may excuse Hart's failure to comply with the technical requirements of Rule 56(d). See Bradley, 299 F.3d at 207. In opposing summary judgment, Hart specified the facts he wanted to explore through discovery and explained why he otherwise lacked access to that information. See Shelton, 775 F.3d at 568. Because *no discovery* took place before the District Court granted summary judgment, the District

12

Court abused its discretion in not heeding Hart's request to allow him to conduct discovery so that he could present evidence to properly oppose Corizon's motion. See Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989) ("Whether a district court prematurely grants summary judgment is reviewed for abuse of discretion."); Shelton, 775 F.3d at 568 ("If discovery is *incomplete*, a district court is *rarely justified* in granting summary judgment[.]" (emphasis added)). Accordingly, we will vacate the District Court's order on this issue and remand for further proceedings.

## III.

For the foregoing reasons, we will affirm the District Court's orders granting Dr. Arnone's and the City of Philadelphia's motions to dismiss. However, we will vacate the District Court's order granting Corizon's motion for summary judgment, and will remand for further proceedings in accordance with this opinion.